1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   MAN KYU PAK,

10                     Petitioner,                    CASE NO.  C04-949-FDB-MJB

11         v.

12   ALBERTO R. GONZALES, *et al.*,                   REPORT AND
                                                      RECOMMENDATION
13                     Respondents.

14

15                    INTRODUCTION AND SUMMARY CONCLUSION

16         On April 26, 2004, petitioner Man Kyu Pak filed, through counsel, a Complaint for

17   Declaratory and Injunctive Relief and Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241,

18   seeking review of the Board of Immigration Appeals' ("BIA") summary affirmance of the

19   immigration judge's ("IJ") decision finding petitioner ineligible for suspension of deportation. (Dkt.

20   #1).  Petitioner alleges that the BIA "failed to give proper individualized consideration to whether

21   the elements necessary for a summary affirmance were present and failed to apply the governing

22   summary affirmance regulations" when it ordered petitioner removed from the United States. (Dkt.

23   #1 at 1).  Petitioner requests an order from this Court declaring that the BIA failed to adhere to its

24   streamlining regulations and requiring the BIA to reconsider its decision.

25
     REPORT AND RECOMMENDATION
26   PAGE – 1

1    Petitioner's habeas case was subsequently stayed by agreement of the parties pending

2    resolution of petitioner's petition for review in the Ninth Circuit Court of Appeals. (Dkt. #27).  On

3    December 10, 2004, the Ninth Circuit dismissed the appeal, holding that it lacked jurisdiction to

4    review the IJ's discretionary determination that petitioner was ineligible for suspension of

5    deportation; that petitioner failed to demonstrate that he was deprived of a full and fair hearing in

6    the Immigration Court; and that petitioner's "assertion that his due process rights were violated by

7    the use of streamlining by the BIA is foreclosed by <u>Falcon Carriche v. Ashcroft</u>, 335 F.3d 1009,

8    1012 (9th Circ. 2003)."   (Dkt. #40, Ex. 1).   Thereafter the habeas case was reactivated.

9    Respondents filed a Return Memorandum and Motion to Dismiss, and  petitioner filed a response.

10   However, on May 11, 2005, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May

11   11, 2005)("REAL ID Act"), was signed into law.  On June 1, 2005, respondents filed a Superseding

12   Motion to Dismiss pursuant to the REAL ID Act, arguing that the District Court now lacks subject

13   matter jurisdiction over this case.  (Dkt. #35).   Petitioner opposed the government's motion to

14   dismiss, claiming that his case should remain in District Court because "[h]is claims are not based

15   on the order of removal, and the administrative record created in connection with such proceedings.

16   Instead, he presents a  collateral and procedural challenge to removal proceedings."  (Dkt. #39 at

17   2).  Alternatively, petitioner contends that if the REAL ID Act does apply to his claims, the Act

18   requires transfer to the Ninth Circuit rather than dismissal of the case.  (Dkt. #39 at 3).

19       Having carefully reviewed the entire record, I recommend that this case be transferred to

20   the Ninth Circuit Court of Appeals as a Petition for Review.

21                              TRANSFER OF JURISDICTION

22       On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Under Section

23   106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. §

24   REPORT AND RECOMMENDATION
25   PAGE – 2

1252(a), which governs judicial review of orders of deportation.  Paragraph 5 of 8 U.S.C. § 1252(a)

has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law  (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act</u>, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL  ID  Act  §  106(a)(emphasis  added).    This  provision  explicitly  deprives  this  Court  of

jurisdiction under 28 U.S.C. § 2241 to review an order of deportation entered under the INA.

Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive:

"subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases

in which the final administrative order of removal, deportation, or exclusion was issued before, on,

or after the date of enactment."  REAL ID Act § 106(b).

In this action, petitioner claims that the BIA failed to adhere to the governing streamlining

regulations[1] and failed to give individualized and good faith consideration to his pending appeal.

---

[1]The streamlining or summary affirmance regulations allow a single member of the BIA to affirm an IJ's decision without opinion, bypassing traditional three-member panel review, if the member determines that the result was correct, and that "(A) [t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or (B) [t]he factual and legal questions raised on appeal are [so insubstantial that a written opinion is not warranted]."  8 C.F.R. § 1003.1(e)(4)(i)(A)-(B).  An affirmance without opinion does not imply approval of any or all of the IJ's reasoning, but merely signifies that the reviewing BIA member considered any errors made by the IJ harmless or immaterial.  8 C.F.R. § 1003.1(e)(4)(ii).  If this procedure is used, the BIA must affirm the IJ's decision without opinion, and the IJ's opinion becomes the final agency decision.

REPORT AND RECOMMENDATION
PAGE – 3

(Dkt. #39 at 3).  Although petitioner contends that he presents collateral and procedural claims that do not arise from his final order of deportation, the Court finds that petitioner's claims of legal error by the BIA clearly present a challenge to the validity of his deportation order.  Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "*then the district court shall transfer the case* (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals."  REAL ID Act § 106(c).  Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c).

CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit as a Petition for Review pursuant to Section 106(c) of the REAL ID Act.  A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of July, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4